## Hollis M. Harlow v. State Highway Board

[184 A.2d 547]

September Term, 1962

Present: **Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed September 18, 1962

*Kissell & Kissell* for the plaintiff.

*Charles J. Adams,* Attorney General, and *Louis P. Peck,* Legal Assistant to the Attorney General, for the State.

**Per Curiam.** The plaintiff seeks to dismiss the appeal of the defendant State Highway Board on the ground that the notice of appeal was not filed within the time permitted by statute and has failed to comply with the provisions of 12 V.S.A. §§2382 and 2383.

The record before us discloses that a jury verdict in the above entitled case was rendered in favor of the plaintiff on April 26, 1962. A proposed judgment order was submitted to the clerk of the Windham County Court on June 6, 1962, and was signed on that date by

the Windham County Court. A letter from the Windham County Clerk in the record before us claims that a telephone call was made on that date to the attorney for the defendant notifying him of the entry of judgment, although receipt of such call is denied.

A certified copy of the judgment order, mailed by the Windham County Clerk, was received by the defendant on July 7, 1962 and defendant's notice of appeal was filed with George L. Daley, clerk of this Court for Windham County, and also clerk of the Windham County Court on July 24, 1962.

The provisions of 12 V.S.A. §2383 provide that a notice of appeal shall be filed by an appealing party within thirty days of the entry of an appealable judgment.

The contention of the plaintiff is that the defendant had actual notice of the entry of such judgment on June 6, 1962, both by reason of the telephone call from the Windham County Clerk as well as by the defendant having drawn up the judgment order form which was signed by the county court. Therefore, claims the plaintiff, the notice of appeal filed July 24, 1962 was entered outside the period provided by statute and must be dismissed.

It is true that 12 V.S.A. §2383 provides that notice of appeal must be filed within thirty days of notice of an appealable judgment. But it is also specific as to the nature of such notice and the duty of the clerk of the court appealed from in delivering it. The clerk is commanded by the statute to "mail or deliver by hand to every party affected thereby, who is not in default for failure to appear, or his attorney, notice of such entry." Delivery by mail or by hand must necessarily refer to a written document as notice of the entry of the judgment. Implied notice, or notice by word of mouth, cannot supply the delivery of notice by mail or hand made mandatory by the statute. The record before us makes clear that the copy of the judgment forwarded by the Windham County Clerk, and received by the defendant on July 7, 1962 was the first notice of entry delivered by mail or hand which was received by the defendant in accordance with the statute.

The statute makes it mandatory for the clerk to make immediate delivery of the entry of judgment in the manner specified in 12 V.S.A. §2383. The clerk's failure to make such delivery, within one week, extends the time for filing a notice of appeal to thirty days from the date that such entry of judgment is actually received by the appellant

from the clerk under the terms of the statute. The fact that the clerk in the instant case took it upon himself to ignore the mandate of the statute cannot operate to foreclose this defendant's right of appeal.

*Motion denied.*